UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **HDI GLOBAL SPECIALTY SE f/k/a INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE,** as subrogee of **CONSOLIDATED CRANE & RIGGING, LLC** and **CONSOLIDATED CRANE COMPANY, INC.,** *Plaintiff* § § § § § § § § | |
| **v.** § § | Case No. 1:20-cv-01110-LY |
| **CORESLAB STRUCTURES (TEXAS) INC. and TURNER CONSTRUCTION COMPANY,** *Defendants* § § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant Turner Construction Company's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, filed November 30, 2020 (Dkt. 6), and the associated response and reply briefs. On December 28, 2020, the District Court referred the Motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 16.

**I.   Background**

Plaintiff HDI Global Specialty SE, an insurance company headquartered in Hannover, Germany ("HDI"), filed suit on November 9, 2020, as subrogee of Consolidated Crane and Rigging, LLC and Consolidated Crane Company, Inc. (collectively, "Consolidated Crane"). HDI contends that it is entitled to recover $1.5 million from Defendants Coreslab Structures (Texas)

1

Inc. and Turner Construction Company for a settlement paid on Consolidated Crane's behalf. Dkt. 1 ¶ 32. Turner engaged Coreslab as a subcontractor to assist with the construction of a parking facility at the PanTex Plant near Amarillo, Texas. *Id.* ¶ 10. Turner provided workers' compensation coverage to subcontractors and their employees through a contractor-controlled insurance program ("CCIP"). *Id.* ¶ 20. The CCIP covered Coreslab and the employees of other subcontractors working at the PanTex site who were not specifically excluded from the program. Dkt. 1 ¶ 22; Dkt. 1-2 at 11. For the project, Coreslab rented a 250-ton crane and the services of a crane operator from Consolidated Crane. Dkt. 1 ¶ 12. Under the terms and conditions of Consolidated Crane's rental contract, Coreslab agreed to:

1. indemnify Consolidated Crane for any personal injuries caused by the crane operator (*id.* ¶¶ 13, 15);

2. deem the crane operator to be an employee of Coreslab (*id.* ¶ 16); and

3. name Consolidated Crane as an additional insured on its insurance policies, including any excess or umbrella policies (*id.* ¶ 17).

Neither Turner nor Coreslab informed Consolidated Crane about the CCIP or offered enrollment. *Id.* ¶¶ 24-26.

On April 10, 2017, Coreslab employee Andrew Lopez was injured while working at the PanTex site. *Id.* ¶ 27. He sued Consolidated Crane, alleging negligence and negligent hiring and supervision of the crane operator. HDI settled with Lopez for $1.5 million. *Id.* ¶¶ 28-32. Consolidated Crane repeatedly demanded indemnification from Coreslab under terms of its rental contract, but Coreslab refused. *Id.* ¶ 29. Consolidated Crane assigned and subrogated its claims against Turner and Coreslab to HDI. *Id.* ¶ 33.

HDI brings claims for breach of contract, breach of implied contract, quantum meruit, and attorneys' fees against Coreslab and Turner. *Id.* ¶¶ 36-92. Turner seeks dismissal of HDI's claims against it for failure to state a claim under Rule 12(b)(6).

## II.     Legal Standard

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III.     Analysis

Turner argues that HDI's claims for quantum meruit and breach of implied contract should be dismissed because HDI has not pled facts sufficient to support the requisite elements of either claim. Turner also contends that, because HDI has not stated a claim for breach of contract, its request for attorneys' fees under Texas Civil Practice and Remedies Code Section 38.001 should be dismissed.

3

A. **Quantum Meruit**

Quantum meruit is an equitable theory of recovery based on an implied agreement to pay for benefits received. *Mission Toxicology, L.L.C. v. UnitedHealthcare Ins. Co.*, No. 5:17-CV-1016-DAE, 2018 WL 2222854, at *8 (W.D. Tex. Apr. 20, 2018) (citing *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)). To recover in quantum meruit, a plaintiff must establish that (1) he rendered valuable services or furnished materials, (2) for the defendant, (3) who accepted the services and materials, and (4) the defendant had reasonable notice that the plaintiff expected compensation for those services or materials. *Heldenfels Bros.*, 832 S.W.2d at 41. Recovery in quantum meruit requires a direct link between the parties involved, which means that one party must have provided services or materials to the other. *Mid-Town Surgical Ctr., LLP v. Blue Cross Blue Shield of Tex., Inc.*, No. H-11-2086, 2012 WL 1252512, at *3 (S.D. Tex. Apr. 11, 2012). A plaintiff must show that the efforts were undertaken for the defendant, not just that his efforts benefited that person. *Rodriguez-Meza v. Venegas*, No. DR-17-CV-54-AM/CW, 2018 WL 7348864, at *15 (W.D. Tex. Sept. 27, 2018). Because quantum meruit is an equitable theory of recovery intended to prevent unjust enrichment, it is not available where a valid express contract covering the subject matter exists. *Program Mgmt. Int'l v. Tetra Tech EC, Inc.*, No. SA-09-CA-877-OLG, 2010 WL 11601881, at *3 (W.D. Tex. July 19, 2010).

HDI's allegations are insufficient to state a claim for quantum meruit against Turner for two reasons. First, Consolidated Crane rendered crane rental and operator services to Coreslab, not Turner, under the terms of a rental contract. Dkt. 1-1 at 2. HDI alleges that Turner engaged Coreslab as a subcontractor on the PanTex project, but does not allege that Consolidated Crane had any direct relationship with Turner. Dkt. 1 ¶ 10. Rather, HDI alleges that "Coreslab for the benefit of Turner requested services and equipment from Consolidated Crane." *Id.* ¶ 68. Turner's

status as a mere beneficiary of Consolidated Crane's services precludes HDI's claim for recovery on a quantum meruit theory. *See Mission Toxicology, L.L.C.*, 2018 WL 2222854 at *8 (dismissing quantum meruit claim for failure to state a claim where plaintiff lacked "direct link" to defendant).

Second, HDI's claim for recovery is based on the $1.5 million settlement it paid to Lopez on behalf of Consolidated Crane. Dkt. 1 ¶¶ 81-84. HDI alleges that the settlement payment to Lopez benefitted Turner by preventing a potential worker's compensation claim on Turner's CCIP. *Id.* ¶ 81. HDI, however, does not allege that it rendered valuable services or furnished materials to Turner when it settled the Lopez lawsuit on behalf of Consolidated Crane. *See Windmill Wellness Ranch, L.L.C. v. Blue Cross & Blue Shield of Tex.*, Civil No. SA-19-cv-01211-OLG, 2020 WL 7017739, at *7 (W.D. Tex. Apr. 22, 2020) (dismissing quantum meruit claim brought against insurer because plaintiff rendered services to insured rather than to insurer). Because HDI does not allege that Consolidated Crane rendered services or furnished materials to Turner, HDI has failed to satisfy the first three elements of its claim for quantum meruit.

**B. Breach of Implied Contract**

A party must show either privity or third-party beneficiary status to have standing to sue for breach of contract. *Estep v. Yuen Yung*, No. A-15-CA-00053-SS, 2015 WL 13804249, at *4 (W.D. Tex. Sept. 24, 2015) (citing *Ostrovitz & Gwinn, LLC v. First Specialty Ins. Co.*, 393 S.W.3d 379, 387 (Tex. App.—Dallas 2012, no pet.)). Turner argues that HDI's breach of implied contract claim should be dismissed because HDI fails to allege facts showing either privity of contract between Turner and Consolidated Crane, or that Consolidated Crane was an intended third-party beneficiary of the contract between Turner and Coreslab.

1. **Privity**

The elements of an express or implied contract are identical under Texas law. *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 614 F. App'x 731, 744 (5th Cir. 2015) (citing *Plotkin v. Joekel*, 304 S.W.3d 455, 476 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)). To plead existence of a valid implied contract, a plaintiff must allege (1) offer; (2) acceptance; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Id.* For implied contracts, mutual agreement is inferred from the circumstances and evidenced by the parties' conduct and course of dealing. *ACS Primary Care Physicians Sw., P.A. v. UnitedHealthcare Ins.*, No. 4:20-cv-01282, 2021 WL 235177, at *3 (S.D. Tex. Jan. 22, 2021); *see also Ishin Speed Sport, Inc. v. Rutherford*, 933 S.W.2d 343, 348 (Tex. App.—Fort Worth 1996, no writ) (stating that parties' dealings may result in an implied contract where facts show their minds met on contract terms). An implied contract must have sufficiently definite terms to enable the Court to determine the parties' legal obligations. *DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*, No. 11-cv-1355, 2016 WL 7177881, at *6 (S.D. Tex. Dec. 8, 2016).

HDI alleges that Turner entered into an agreement with Coreslab that established a CCIP to provide workers' compensation coverage to eligible employees and subcontractors on the PanTex project. Dkt. 1 ¶¶ 20-21, 44. HDI asserts that the agreement between Turner and Coreslab was an "offer" to Consolidated Crane to participate in the CCIP, and that Consolidated Crane "accepted" the offer by providing services and equipment to the PanTex project. *Id.* ¶¶ 87-88. Yet Turner's CCIP manual, which HDI attaches to its Complaint, specifically excludes "Third Party Crane Subcontractors/Companies of any tier" from participating in the CCIP. Dkt. 1-2 at 14. Consolidated Crane completed its work on the PanTex project pursuant to a written rental contract

in which Coreslab, not Turner, agreed to indemnify Consolidated Crane for any personal injuries caused by the crane operator. Dkt. 1 ¶¶ 13, 15. Consolidated Crane was never notified about or enrolled in the CCIP. *Id.* ¶¶ 24-25.

HDI does not allege that Consolidated Crane had a previous course of dealing with Turner such that enrollment in Turner's CCIP could be implied or expected by the parties. Viewed in a light most favorable to HDI, the factual allegations do not show the requisite "meeting of the minds" between Turner and Consolidated Crane regarding CCIP coverage to establish an implied contract. Consequently, there is no privity of contract between the parties, and HDI's claim for breach of implied contract against Turner should be dismissed for failure to state a claim. *See Electrostim,* 614 F. App'x at 744 (affirming dismissal of breach of implied contract claim for failure to state a claim where plaintiff failed to allege facts showing meeting of minds); *ACS Primary Care Physicians,* 2021 WL 235177 at *3 (dismissing claim for breach of implied contract where factual allegations were "bereft of facts that demonstrate a meeting of the minds").

2. **Third-Party Beneficiary**

When a party lacks privity, a third party may recover on a contract between two other individuals only if the contracting parties intended to secure a benefit to that third party and entered the contract directly for the third party's benefit. *Estep,* 2015 WL 13804249, at *4 (citing *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002)). The contract must reflect "a clear and unequivocal expression of the contracting parties' intent to directly benefit a third party." *Id.* (quoting *Alvarado v. Lexington Ins. Co.*, 389 S.W.3d 544, 552 (Tex. App.—Houston [1st Dist.] 2012, no pet.)). Incidental benefits flowing from the contract to a third party do not confer the right to enforce it. *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007).

The Complaint contains no facts supporting HDI's conclusory allegation that "Consolidated Crane was an intended third-party beneficiary of the CCIP." Dkt. 1 ¶ 73. The CCIP manual excludes "Third Party Crane Subcontractors/Companies of any tier" from participation in the CCIP, Dkt. 1-2 at 14, and HDI has alleged no facts that Turner and Coreslab intended their agreement to benefit Consolidated Crane or third-party crane subcontractors in general. At best, participation in the CCIP would be an incidental benefit to Consolidated Crane if it were eligible to enroll, which does not confer status as a third-party beneficiary. Accordingly, HDI's claim for breach of implied contract against Turner should be dismissed for failure to state a claim. *See Estep*, 2015 WL 13804249, at *4 (dismissing breach of contract action for failure to state a claim because a "court will not create a third party beneficiary contract by implication").

### 3. Conclusion as to Breach of Implied Contract Claim

Because HDI has not pled facts showing either contractual privity with Turner or that Consolidated Crane was an intended third-party beneficiary, the undersigned recommends that HDI's claim for breach of implied contract against Turner be dismissed.

### C. Attorneys' Fees

Because the Court recommends dismissal of HDI's claim for breach of implied contract against Turner, the Court further recommends dismissal of HDI's claim for attorneys' fees under Texas Civil Practice and Remedies Code § 38.001.

### D. HDI's Request for Leave to Amend

In its response, HDI seeks leave to file an amended complaint if the Court finds its pleadings deficient. Dkt. 14 at 19. Courts should freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). Courts should deny leave to amend when amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith.

*Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Amendment is futile where it "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 872-73 (5th Cir. 2000).

HDI has not offered any additional facts it would plead to cure the defects in its Complaint to adequately state a claim sufficient to survive a motion to dismiss. Dkt. 14 at 19. Without proposed amendments, the Court is unable to assess whether amendment is warranted. *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (holding that leave to amend is not required where movant fails to apprise court of facts he would plead in amended complaint to cure any deficiencies). Accordingly, HDI's request for leave to amend should be denied.

## IV.     Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant Turner Construction Company's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. 6) and **DISMISS** with prejudice Plaintiff's claims against Turner in Counts 4 through 6 of its Complaint under Federal Rule of Civil Procedure 12(b)(6).

It is **FURTHER ORDERED** that the Clerk remove this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo

review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 30, 2021.

                                                                  SUSAN HIGHTOWER
                                                                   UNITED STATES MAGISTRATE JUDGE